.BING I. BUSH, JR. ESQ. (SBN 139308)
**LAW OFFICES OF BING I. BUSH, JR., APC**
1330 Camino Del Mar
Del Mar, CA 92014
(858) 259-7540
(858) 259-7551
Offices also in Lexington, Kentucky

Attorney for Plaintiff,
ANTHONY PERAZA, AND
ESTATE OF JEFFREY SCOTT DEWALL

FILED
2008 AUG 29 PM 2:43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____KMK_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Peraza, Individually, and ESTATE OF Jeffrey Scott Dewall, deceased, by his Brother and successor in interest Anthony Peraza<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: '08 CV 1593 BTM POR<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 Civil Right Violations<br><br>2. 42 U.S.C. § 1983 Civil Rights<br><br>3. 42 U.S.C. § 1983 Civil Right Violations – Unlawful Policies Customs or Habits<br><br>4. Wrongful Death – Negligence<br><br>5. Wrongful Death – Battery<br><br>6. Wrongful Death – Civil Code § 52.1 Civil Rights Violation<br><br>7. Survival Action<br><br>TRIAL DATE: NOT SET |

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs allege:

**GENERAL ALLEGATIONS**

1. Plaintiff Anthony Peraza is a resident of the County and County of San Diego. Plaintiffs' decedent, Jeffrey Scott Dewall, was a resident of the City and County of San Diego at the time he was pronounced brain dead on January 22, 2008

2. Plaintiff Anthony Peraza is the brother of Plaintiff's decedent, Jeffrey Scott Dewall. Plaintiff brings this action as an individual on his own behalf under both federal and California law in the federal and state law claims set out below. Plaintiff also brings this action on behalf of the Estate of Jeffrey Scott Dewall, deceased, in his representative capacity as successors in interest of the Estate of Jeffrey Scott Dewall, deceased.

3. Decedent Jeffrey Scott Dewall died intestate in the City of San Diego, County of San Diego, State of California. No special administrator or personal representative of the Estate of Jeffrey Scott Dewall has been appointed by any Court.

4. The plaintiffs' decedent is Jeffrey Scott Dewall, who, at the time of his death on January 22, 2008, was a 34 year old resident of the City of San Diego, California. At the time of his death, January 22, 2008, Jeffrey Scott Dewall was single and had no children.

5. At all times relevant hereto, the DOE Defendants Nos.1-20 were, and still are, residents of the County of San Diego, State of California, and were duly appointed and acting Sheriff's officers for the County of San Diego. They are sued individually and in their capacities as employees of the County of San Diego.

6. Defendant County of San Diego is, and at all times mentioned herein was, a municipality within the State of California and is the employer of the above named individual defendants and other Sheriff's officers referred to herein. The individual defendants performed all of the herein alleged acts for, and in the name of defendant County of San Diego.

7. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

unknown defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

8. Each of the acts of the individually named defendants and DOES I through 20, were done by them by virtue of and under their authority as Sheriffs officers for defendant County of San Diego, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Said defendants were the servants, agents and employees of defendant County of San Diego, and in doing the acts hereinafter described, acted within the course and scope of their employment. Their acts herein alleged are, therefore, imputed to defendant County of San Diego.

9. Prior to the filing of this complaint plaintiffs filed timely claims against defendant County of San Diego for the injuries alleged herein. These claims were denied on August 26, 2008 by operation of law.

## FACTUAL ALLEGATIONS

10. On January 9, 2008 at 10:56 p.m., plaintiffs' decedent, Jeffrey Scott Dewall, was booked into San Diego Central Jail by a Sheriff's Deputy. Mr. Dewall had been arrested for an alleged assault.

11. Mr. Dewall appeared to be "intoxicated" and unable to control himself was placed in a sobering cell by the Deputies'.

12. A medical assessment in the early morning of January 10, 2008 found Mr. Dewall to be sweating and having a blood pressure of 150/85. Mr. Dewall was otherwise described as calm and cooperative.

13. Further nursing assessments throughout the morning described Mr. Dewall as calm and talking, while at others yelling and crying, Mr. Dewall continued to make statements that he was upset and wished to voice his frustration. Throughout the day of January 10 and into the night Mr. Dewall was observed to be mostly calm with occasion complaints and pounding on his cell door without any apparent distress.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

14. On the morning of January 11 Mr. Dewall appeared more active; coherent and cooperating with nurses during a medical assessment. At 7:20 a.m. on January 11 Mr. Dewall began yelling for his cell door to be opened, striking the door with his upper torso. Mr. Dewall did not comply with Deputies requests for him to stop and refused to have handcuffs applied to him. Pepper Spray was used on Mr. Dewall as well as pepper balls deployed into his cell. He had no respiratory distress at this time. A tactical team of Deputies' was assembled at 7:56 a.m. and shot two low energy rounds into the cell; the team controlled him prone on the floor and transferred him to a Prostraint chair. While the Deputies' were applying straps to Mr. Dewall he was breathing without distress. Mr. Dewall was then bent forward at the waist, face down, so that straps could be applied. Mr. Dewall received a blow to the face from the knee of a Deputy, causing his nose to bleed. A "spit sock" was applied over Mr. Dewall's face, and was held in this bent position for several more minutes.

15. When Mr. Dewall was placed in an upright sitting position he was observed to be unresponsive and not breathing. A medical staff was called between 8:12 – 8:15 a.m. Mr. Dewall had a pulse of 20 beats/minute. CPR was started shortly after. Mr. Dewall was transported to UCSD Medical Center and admitted at 8:52 a.m. on January 11.

16. Mr. Dewall was diagnosed with a cessation of breathing, closed head injury and a 8-15 minute period in which he had no cardiac activity. Mr. Dewall had a brain injury resulting from a lack of oxygen. Additional injuries to Mr. Dewall included a compression of his right lung, contusions and cuts throughout his body including the scalp, fractures to his 2nd-7th rib. Mr. Dewall remained unresponsive and was pronounced dead on January 22, 2008.

**FIRST CAUSE OF ACTION**
[42 U.S.C. § 1983 Constitutional Violations on behalf
of the Estate of Jeffrey Scott Dewall, By His Brother and
Successor in Interest, Anthony Peraza]

17. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

18. The acts alleged above, particularly the act by the DOE defendants of restraining, beating and causing the death of Plaintiffs' decedent without justification or necessity, constituted an excessive and unreasonable use of force and thus an unlawful seizure, in violation of Mr. Dewall's rights as guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. Plaintiff Estate of Jeffrey Scott Dewall is therefore entitled to damages pursuant to Title 42 U.S.C. section 1983, et seq. in an amount to be proven at trial.

19. Further, the acts committed by Defendants Does during the detention were unreasonable, including the nature of the detention and their acts during the detention and leading up to the fatal restraint, including the use of excessive force and culminating in the unreasonable use of deadly force. These acts resulted in the death of Mr. Dewall and constituted an unreasonable seizure in violation of Mr. Dewall's rights guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. Plaintiff Estate of Jeffrey Scott Dewall is thus entitled to damages pursuant to Title 42 U.S.C. section 1983, et seq. in an amount to be proven at trial.

20. The acts of the DOE defendants as described above also amounted to recklessness and thus a further violation of the Fourth Amendment. Said acts proximately caused injury and death to plaintiffs' decedent Jeffrey Scott Dewall, entitling the Estate of Jeffrey Scott Dewall and his successors in interest to damages pursuant to 42 U.S.C. section 1983 et seq. in an amount to be proven at trial.

21. As a direct and proximate result of the unlawful acts, excessive force, unlawful seizure and recklessness described above, Plaintiffs' decedent Jeffrey Scott Dewall suffered severe injuries and loss of his life. By reason of these acts, Plaintiffs' decedent was, and his estate and successors in interest now are, entitled by virtue of 42 U.S.C. Section 1983 et seq., to general and compensatory damages in an amount to be proven at trial.

22. As a further result of the actions of said defendants alleged above, decedent Jeffrey Scott Dewall's estate incurred reasonable funeral expenses and loss of such income as Jeffrey Scott Dewall would have earned in his lifetime. The Estate of Jeffrey Scott Dewall and his successors in interest have lost such estate as decedent might reasonably have accumulated in

his natural life expectancy. Thus, Plaintiffs are entitled to damages in an amount to be proven at trial.

23. The aforesaid acts of the DOE defendants were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
[42 U.S.C. § 1983 Constitutional Violations
By Plaintiff Anthony Peraza, Individually]

24. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 above as though fully set forth herein.

25. As a result of the acts alleged above, particularly the unjustified, unnecessary and excessive use of deadly force which caused the death of Plaintiffs' decedent Jeffrey Scott Dewall, as well as the unreasonable acts leading up to and culminating in death of Jeffrey Scott Dewall, Plaintiff Anthony Peraza suffered the loss of his brother. Thus, the acts of defendants Does deprived Plaintiff Anthony Peraza of his constitutionally protected due process right to the love, support, affection and companionship of his brother, in violation of Plaintiff Anthony Peraza's rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, particularly the due process clause of the Fourteenth Amendment.

26. The acts of defendants and each of them as described above also amounted to recklessness which caused injury and ultimately death to Jeffrey Scott Dewall, thus causing a further violation of the Fourteenth Amendment rights of Plaintiff Anthony Peraza. Said acts proximately caused the death of Plaintiffs' decedent, entitling Plaintiff Anthony Peraza to general and compensatory damages pursuant to 42 U.S.C. section 1983 et seq. in an amount to be proven at trial.

27. The aforesaid acts of defendants Does were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

28. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27 above as though fully set forth herein.

29. On information and belief Plaintiffs allege that defendant County of San Diego, through its Sheriffs department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its Sheriff's officers, including Does and others, proximately causing the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

30. Further, on information and belief Plaintiffs allege that defendant County of San Diego, through its Sheriff's department, has an unlawful policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified use of force by its police officers, including the unjustified use of deadly force.

31. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations alleged in the First and Second Causes of Action, the injuries alleged in the First and Second Causes of Action and the injuries alleged in paragraphs 21, 22 and 26 above and thus Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
[Negligence/Wrongful Death Under California Law
by Plaintiff Anthony Peraza Individually, and as
Successors in Interest to the Estate of Jeffrey Scott Dewall]

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. By the acts alleged above, Defendants and other employees of the County of San Diego were negligent and breached their duty of due care, thereby causing the injuries to and

death of Jeffrey Scott Dewall as described in the First and Second Causes of Action, and the damages described in paragraphs 21, 22 and 26 above. As a result, Plaintiffs are entitled to general and compensatory damages under California law in an amount to be proven at trial.

34. As a result of the negligence described herein, Plaintiff Anthony Peraza is entitled to damages under California law according to proof at trial for the wrongful death of his brother, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses, for which defendants and each of them are responsible.

**FIFTH CAUSE OF ACTION**
[Battery/Wrongful Death Under California Law
by Plaintiff Anthony Peraza Individually, and as
Successor in Interest to the Estate of Jeffrey Scott Dewall]

35. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36. By the acts alleged herein, particularly the act by defendant Does of restraining, beating and causing the death of Jeffrey Scott Dewall, as described in the Factual Allegations and the First and Second Causes of Action, defendants committed a battery upon Jeffrey Scott Dewall which caused him to suffer injuries and wrongful death, thereby entitling Plaintiffs to damages pursuant to California law. As a result Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

37. As a result of these acts plaintiff Anthony Peraza suffered the loss of his brother and the damages described in paragraphs 21, 22 and 26 above, entitling him to damages in an amount to be proven at trial for the wrongful death of his brother, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses, for which defendants and each of them are responsible.

38. In committing the acts alleged above, defendant Does acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiffs' decedent and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
[Civil Code § 52.1 Civil Rights Violations/Wrongful Death
Under California Law by Plaintiff Anthony Peraza Individually,
and as Successors in Interest to the Estate of Jeffrey Scott Dewall]

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' decedent, constituted an unlawful seizure of plaintiffs' decedent, in violation of Plaintiffs' rights guaranteed by the California Constitution (Article I, Sections 7 and 13) and the United States Constitution, particularly the Fourth and Fourteenth Amendments thereto. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to California Civil Code section 52.1(b).

41. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 21, 22 and 26 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

42. In committing the acts alleged above, defendants Does acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
[Survival Action Under California Law by Plaintiff Anthony Peraza
As a Successor in Interest to the Estate of Jeffrey Scott Dewall]

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

43. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 42 above as though fully set forth herein.

44. Plaintiff Estate of Jeffrey Scott Dewall bring a survival action. By the acts alleged herein, particularly the act by defendant Does of restraining, beating and causing the death of Jeffrey Scott Dewall, as described in the Factual Allegations and the First and Second Causes of Action, defendants committed a battery upon Jeffrey Scott Dewall which caused him to suffer injuries and wrongful death, thereby entitling Plaintiffs to damages pursuant to California law. As a result Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

46. In committing the acts alleged above, defendant Does acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiffs' decedent and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against defendants Does only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and,

4. For such other relief as the Court deems proper.

DATED: August 29, 2008    LAW OFFICES OF BING I. BUSH, JR, A P.C.

Bing I. Bush, Jr.
Attorney for Plaintiff
ANTHONY PERAZA, & ESTATE OF JEFFREY SCOTT DEWALL

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

        # 154569      -- TC

        August 29, 2008
           14:43:20


         Civ Fil Non-Pris
USAO #.: 08CV1592
Judge..: DANA M SABRAW
Amount.:                   $350.00 CK
Check#.: BC9246



        Total->  $350.00



FROM: ANTHONY PERAZA ESTATE
      VS
      COUNTY OF SAN DIEGO
```

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ANTHONY PERAZA, ESTATE OF JEFFREY SCOTT DEWALL

**DEFENDANTS** COUNTY OF SAN DIEGO

FILED 2008 AUG 29 PM 2:42

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Bing I. Bush, Jr., APC
1330 Camino Del Mar
Del Mar, CA 92014 (858) 259-7540

Attorneys (If Known)

'08 CV 1593 BTM POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Excessive use of force at County Jail resulting in injury and death

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/29/08
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 154569 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
[signature] 8/29/08

